# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN C. RONCA; CYNTHIA RONCA; and JOSEPH RONCA,<br><br>Defendants. | Case No. 2:17-cv-08044-ODW (FFMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO SET ASIDE ENTRY OF DEFAULT [26, 37]** |

## I.     INTRODUCTION

Presently before the Court are Defendants Joseph Ronca and Stephen Ronca's Motions to Set Aside Default ("Joseph Mot." and "Stephen Mot." respectively). (ECF Nos. 26, 37.) For the reasons discussed below, the Court **GRANTS** Defendants' Motions.[1]

## II.     FACTUAL BACKGROUND

On November 3, 2017, the United States of America ("the Government") filed its Complaint seeking avoidance of fraudulent transfer of funds. (*See* Compl., ECF No. 1.) In its Complaint, the Government asserts that Stephen Ronca will likely owe over $500,000 in restitution for a related criminal case. (Compl. ¶¶ 8, 9.) The

---

[1] After considering papers filed in connection with the Motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Government further alleges that Stephen Ronca transferred $394,560.97 to Joseph and Cynthia Ronca to prevent these funds from being used to satisfy potential restitution obligations that could result from Stephen Ronca's related criminal charge.[2] (Compl. ¶¶ 13–18.) Accordingly, the Government asserts that Joseph Ronca and his siblings should be held jointly and severally liable for the allegedly fraudulently transferred funds. (Decl. of Indira J. Cameron-Banks ¶ 4, ECF No. 23-1.)

On November 9, 2017, service of Summons and Complaint was completed on Joseph Ronca via personal service (Proof of Service, ECF No. 10) and on Stephen Ronca via email through his attorney (Proof of Service, ECF No. 9).

On December 13, 2017, the Court stayed the Government's Complaint pending resolution of the underlying related criminal action, *United States v. Stephen Christopher Ronca*, CR-17-324-FJO. (Order Regarding Deposit of Funds Into the Ct.'s Registry, ECF No. 12.) On January 16, 2019, the Court lifted the stay in this case. (Order on Mot. to Lift Stay on Case, ECF No. 21.)

On March 14, 2019, the Government requested entry of default against Joseph Ronca and Stephen Ronca due to their failure to respond to the Complaint. (Req. to Enter Default, ECF Nos. 22, 23.) On March 15, 2019, the Clerk of Court entered default against both Joseph Ronca and Stephen Ronca. (Default by Clerk, ECF No. 24.)

On March 25, 2019 and May 7, 2019, Joseph Ronca and Stephen Ronca respectively moved to set aside entry of default. (*See* Joseph Mem. of P. & A. ("Joseph Mem."), ECF No. 27; Stephen Mem. of P. & A. ("Stephen Mem."), ECF No. 38.) Both defendants claim that they did not respond to the Complaint because they had believed that the stay was still in effect. (Joseph Mem. ¶¶ 4, 5.; *see* Stephen Mem. ¶ 6.)

---

[2] To avoid confusion, the Court will refer to each Defendant by his or her first name, since the two Defendants share a last name.

### III.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) authorizes a court to set aside the entry of default upon a showing of good cause.  Fed. R. Civ. P. 55(c).  To assess whether good cause exists to set aside a default, courts weight the following three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  Under this standard, courts have the discretion to deny relief from a default judgment if any one of the three factors is met.  *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011).  However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Falk*, 739 F.2d at 463).

### IV.     DISCUSSION

The Court finds good cause for setting aside entry of default.  The Court addresses each factor in turn.

#### 1. PREJUDICE

The first factor asks whether the Government will be prejudiced by setting aside the entry of default.  *See Falk*, 739 F.2d at 463 (finding that "[t]he standard is whether [plaintiff's] ability to pursue his claim will be hindered.").  "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001).  Here, no facts suggest that the Government's ability to litigate its case would be hindered by setting aside default and by allowing Stephen and Joseph Ronca to properly defend the case.  "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *Id.*  Thus, the Court finds that the Government will not be prejudiced.

### 2. MERITORIOUS DEFENSE

The second factor asks whether a defendant has a meritorious defense to this action. *See Brandt*, 653 F.3d at 1111. To satisfy this factor, a defendant must "allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. However, "the burden on a party seeking to vacate a default judgement is not extraordinarily heavy." *Id.*

Here, the Government asserts that Stephen and Joseph Ronca participated in the purposeful mishandling of funds that was meant to keep such funds from being used to satisfy restitution in relation to the underlying criminal action. (Compl. ¶¶ 13–18.) In defense, Stephen and Joseph Ronca assert that the funds at issue were lawfully distributed and therefore, the Government's claims are meritless. (Stephen Mem. 6–7; Joseph Mem. 5–6.) However, "[t]he law does not require that [the] defendant show it will prevail on its defense." *E. & J. Gallo Winery v. Cantine Rallo, S.p.A.*, 430 F. Supp. 2d 1064, 1092 (E.D. Cal. 2005). Thus, Defendants have identified a sufficiently meritorious defense.

### 3. CUPABILITY

The final factor asks whether a defendant's conduct led to the entry of default. *See TCI Group Life*, 244 F.3d at 698 (finding that a defendant's conduct is culpable when its failure to respond was devious, deliberate, willful, or in bad faith.). "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith." *Mesle*, 615 F.3d at 1092.

Here, the Government does not suggest that Stephen or Joseph Ronca acted in bad faith. (*See generally* Opp'n to Joseph Mot., ECF No. 31; Opp'n to Stephen Mot., ECF No. 41.) Rather, the Government merely points to Defendants' failure to respond

or seek an extension. Absent evidence of bad faith, the Court must conclude that Joseph and Stephen Ronca's failure to respond was the product of inadvertence as opposed to any bad faith. Thus, Defendants' conduct is not sufficiently culpable and setting aside default is warranted.

## V.   CONCLUSION

For the reasons set forth above, the Court finds that this case should be decided on the merits. Thus, the Court **GRANTS** Defendants' motions to set aside default. (ECF Nos. 26, 37.) Defendants Joseph Ronca and Stephen Ronca shall respond to the Complaint within twenty-one (21) days.


**IT IS SO ORDERED.**


August 7, 2019

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**